JONES, Chief Judge,
delivered the opinion of the court:
This is a suit by an Air Force Eeserve officer who alleges a service-connected disability of more than 30 percent at the time of his release from active service.
Plaintiff enlisted in the United States Army on September 16, 1942. He remained on active duty as an enlisted man until August 31, 1943. Effective September 1, 1943, he was commissioned a second lieutenant, serving until October 5, 1946, when he was discharged with the rank of captain. He remained in the Air Force Eeserve. Plaintiff was recalled to active duty as a captain effective January 19, 1951, and served on active duty until released by reason of physical disability on August 14, 1954.
In the meantime, after a brief service in Italy in 1945, plaintiff, as a result of the findings of a medical board, was returned to the United States because of arthritis of the feet and knees, hypertension, and obesity.
After treatment in the hospital, a medical disposition board on February 20,1946, made a diagnosis of “fibrositis, chronic periarticular, primary, mild of spine, feet, and knees.” Plaintiff was given a service-connected disability rating of 20 percent in April 1947, effective October 6,1946, *190 tbe day following his release from active service. Plaintiff was recalled to active duty as a captain effective January 19, 1951. He served on active duty until he was released by reason of disability on August 14,1954. He was hospitalized in England on December 10, 1951, and, due to an increase in his arthritic condition, was returned to the United States.
Various maladies were found and several operations were performed during the years 1953-1954, as set out in findings 6 and 7. Among other operations was one for amoebic dysentery, and later following an operation for anal fissure he lost control of the anal sphincter.
An Air Force medical board, on June 7, 1954, found plaintiff unfit for military service. A Physical Evaluation Board, on June 8,1954, found plaintiff unfit for active duty and recommended separation. Upon review, the Physical Review Council determined he was fit for duty, but on July 7, 1954, the plaintiff appeared before the Physical Evaluation Board and was again found unfit for active duty and the Physical Review Council again disagreed.
On August 2, 1954, the Air Force Physical Disability Appeal Board found plaintiff unfit for duty; that his disability was incident to his prior service, and recommended his discharge. On August 14, 1954, he was discharged by reason of physical disability.
The Air Force Disability Review Board affirmed the findings of the Disability Appeal Board on July 5, 1955.
The Air Force Board for Correction of Military Records found plaintiff unfit for active military service incurred while in active Federal service, and rated his disability as 10 percent for each of three disabilities set out in finding 12. The Veterans Adminstration had in 1954 rated the three disabilities, but granted a rating of 20 percent for arthritis even though he had arthritis in both feet, the spine, and hip, and its rating schedules called for a minimum rating of 10 percent for each major joint affected.
The several disabling conditions suffered by plaintiff are described in finding 15, et seq. Reviewing these conditions, the trial commissioner has found that plaintiff is entitled to a combined disability rating of more than 50 percent for the following conditions, and that the decision of the Secretary *191 of the Air Force in denying benefits was arbitrary and not supported by substantial evidence. We approve bis findings with only minor changes.
Viewing the entire record, we find that the action of the Secretary of the Air Force was arbitrary and not supported by substantial evidence. Anyone who can suffer the maladies described in this record, survive the numerous serious operations and extensive hospital treatments which plaintiff has undergone and not be more than 30 percent disabled must have had a powerful constitution to start with.
Plaintiff is entitled to retired pay at the grade of captain from August 14, 1954, less severance pay and less such benefits as he may have received from the Veterans Administration. Judgment will be entered to that effect and the amount of recovery will be determined pursuant to Bule 38(c).
It is so ordered.
Beed, Justice {Bet.), sitting by designation; Dtjrfee, Judge, and Laramoke, Judge, concur.
FINDINGS OF FACT
The court, having considered the evidence, the report of Trial Commissioner Paul H. McMurray, and the briefs and argument of counsel, makes findings of fact as follows:
1. The plaintiff is a citizen of the United States residing in Tennessee. He enlisted in the United States Army and entered upon active duty on September 16,1942, and served as an enlisted man until August 31,1943. Effective September 1,1943, he was commissioned as a second lieutenant; he served until October 5, 1946, when he was discharged from the service with the rank of captain. He remained in the Air Force Beserve and was recalled to active duty as a captain effective January 19, 1951. He served on active duty until released by reason of physical disability on August 14,1954.
2. In September 1945 plaintiff was transferred to Italy, and two months later was “boarded” for the Zone of the Interior because of arthritis of feet and knees, hypertension, and obesity.
*192 3. On February 20, 1946, after having been in a hospital in the United States, a disposition board (medical) recommended plaintiff’s return to duty, and made a diagnosis of fibrositis, chronic periarticular, primary, mild of spine, feet, and knees. On July 16,1946, the plaintiff was examined for separation and found eligible. He reverted to an inactive status on October 5,1946.
4. In April 1947 plaintiff was given a service connection and a 20 percent disability rating by the Veterans Administration, effective October 6,1946, following his release from active duty on October 5, 1946, for conditions described as hypertrophic arthritis of the right knee and both feet and arthritis of the spine.
5. On October 21, 1951, after being recalled to extended active duty on January 19,1951, he was assigned to duty in England, where he was hospitalized on December 10, 1951. He was soon returned to the United States, because of a marked increase in his arthritic condition.
6. In August 1952 plaintiff’s appendix was removed, and it was also determined that he had diverticulosis. A lipoma of the left flank was excised. In December 1952 a pilonidal sinus was excised. In March 1953 a cystoscopy with removal of ureteral calculi was performed. In June of 1953 a cho-lecystectomy was done, with an exploration of the subhepatic space and drainage of a subphrenic abscess due to amoebic dysentery. In February 1954 a proctoscopy was accomplished. Later, an operation for anal fissure was performed, following which he lost control of the anal sphincter. As a result of this latter condition, he has sometimes had incontinence with involuntary discharge of feces, necessitating the wearing of a pad.
7. Following the multiple surgical procedures to which he had been subjected, plaintiff developed a hernia through the abdominal wall. His gall bladder was removed, and, following this operation, an infection developed which required a further operation in the subhepatic space. The twelfth rib was also removed by surgery.
8. On June 7,1954, a medical board at Maxwell Air Force Base, Alabama, found plaintiff unfit for active military service because of:
*193 1. Degenerative joint disease, minimal, riglit great toe;
2. Obesity;
3. Hernia, Ventral, minimal, due to operative procedure.
9. On June 8,1954, a modified Physical Evaluation Board found the plaintiff unfit for active duty by reason of arthritis of the great toe, 10 percent EPTS (although incurred during a prior period of service), and hernia, ventral, LOD-yes, 10 percent, and recommended separation with severance pay. Upon review by the Physical Review Council, it was determined that the plaintiff was fit for active military duty. On July 7, 1954, the plaintiff appeared before the Physical Evaluation Board and was again found unfit for active duty and recommended for discharge with severance pay. The Physical Review Council did not concur, and found the plaintiff fit for active duty.
10. On August 2,1954, the Air Force Physical Disability Appeal Board found that the plaintiff was unfit for duty but that his disability was incident to his prior service, and recommended discharge for the disability without severance pay. It also found him unfit for active military duty when he was recalled after his prior service. On August 14, 1954, the plaintiff was discharged by reason of physical disability.[1]
11. On July 5, 1955, the plaintiff’s application was considered by the Air Force Disability Review Board. This Board affirmed the findings of the Disability Appeal Board.
12. A majority of the Air Force Board for Correction of Military Records found the plaintiff unfit to perform the duties of active military service by reason of physical disability incurred while in active Federal service and diagnosed his disability as follows:
(1) Arthritis, hypertrophic, Code No. 5003 — 10%
(2) Hernia, ventral, Code No. 7339 — 10% and
(3) Resection of 12th rib, right, Code No. 5297 — 10%.
13. One member of the Board, while agreeing that plaintiff was unfit and that his disability was service-incurred, concurred in the findings of the earlier boards but rated the total disability at 20 percent. The Secretary of the Air *194 Force approved the majority recommendations. Without explanation, the rating for the rib condition was omitted, which reduced the combined rating to 20 percent.[2]
14. After his last discharge (1954), the Veterans Administration rated plaintiff for the same three disabilities which were rated by the majority of the Air Force Board for the Correction of Military Records, but granted him a rating of 20 percent for arthritis, the same as had been given him by the Veterans Administration when he left the service in 1946. In 1946 plaintiff was diagnosed by the Disposition Board as having arthritis in the right foot and the right knee. The medical evidence of record on release from active duty in 1954 indicates that plaintiff was afflicted with arthritis in the right foot and the right knee and, in addition, he had arthritis in the other foot, the spine, and hip. Under the applicable rating schedule, an established diagnosis of chronic arthritis in a major joint or a group of minor joints is properly assigned a minimum rating of 10 percent for each such condition.
15. In addition to the arthritic condition, plaintiff had five other disabling conditions during his last tour of active duty. Only the ventral hernia was rated by the Secretary of the Air Force and this was given the minimum 10 percent rating. Medical evidence in the record supports a finding that the hernia is not well supported by a belt under ordinary conditions and is likely to become worse. At the time of the hearing before the Air Force Board for the Correction of Military Records, which was within the 5-year period for the temporary disability retired list provided in § 402(b) of the Career Compensation Act, it could have rated the condition as 20 percent disabling (Veterans Administration Code No. 7339).
16. Another condition incurred during the plaintiff’s last tour of active duty which was not included as a ratable condition is loss of the sphincter control. The evidence concerning this disabling condition is sufficient to warrant the finding *195 that the plaintiff was entitled to a 30 percent rating at the time of discharge from active duty since he was required to wear a pad at that time. The action of the Air Force Board for the Correction of Military Kecords and the Secretary of the Air Force in ignoring or disregarding this condition was unwarranted and improper. There is a basis for a difference of opinion as to the degree of this permanent disabling condition, but the assignment of a 10 percent evaluation appears to be reasonable and proper under the applicable rating schedule (Veterans Administration Code No. 7332).
17. The third condition incurred during the plaintiff’s last tour of active duty which the Air Force Board for the Correction of Military Records and the Secretary failed to evaluate as a disabling condition resulted from the removal of the gall bladder. There is evidence of record that this condition was subsequently complicated by adhesions and abscess resulting in a paralysis of the body around the place of incision. The plaintiff is obviously entitled to a rating of 10 percent for this condition as a minimum rating (Veterans Administration Code No. 7318).
18. The fourth condition which was incurred during the plaintiff’s last tour of active duty, of which the Secretary and the Board did not take cognizance, is colitis. He is shown to have had substantially all of the usual symptoms of amoebic dysentery, except a specific finding of the amoeba. The record clearly shows that the accepted standard laboratory techniques for arriving at a finding with respect to the existence or nonexistence of amoebic dysentery were not utilized. The plaintiff is entitled to a rating of 10 percent for this service-incurred disability regardless of its etiology (Veterans Administration Code No. 7323).
19. Another condition incurred during plaintiff’s last tour of active duty not given favorable consideration by the Secretary is the removal or resection of the twelfth rib. The Air Force Board for the Correction of Military Records properly granted the plaintiff a 10 percent rating for this disability, but the Secretary’s memorandum omitted it. The exclusion of this condition without assigning any explanation or reason *196 for the omission was unwarranted. (See Veterans Administration Code No. 5297).[3]
20. Plaintiff is found to be entitled to a percentage evaluation of 50 percent for the following disabling conditions under the applicable Veterans Administration Schedule for Eating Disabilities:

Per-CodeNo. Disability cent

5003 Arthritis_ 20
7339 Ventral hernia_ 20
7332 Loss of sphincter control- 10
7318 Cholecystectomy_ 10
7323 Colitis_ 10
This justifies a combined rating of at least 50 percent.
21. The decision of the Secretary of the Air Force in denying retirement benefits is found to have been arbitrary and not supported by substantial evidence.[4]
CONCLUSION OP LAW
Upon the foregoing findings of fact which are made a part of the judgment herein, the court concludes as a matter of law that plaintiff is entitled to recover, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Eule 38(c).
In accordance with the opinion of the court and on a memorandum report of the Commissioner as to the amount due thereunder, it was ordered on May 18, 1962, that judgment for plaintiff be entered for $13,272.87.

 It appears that this finding, if finally approved by appropriate authority, would have entitled plaintiff to three-fourths of his pay under the Act of April 3, 1939 (53 Stat. 555, 557) from October 6, 1946, less the pay for active duty and Veterans Administration compensation which he received.

 Plaintiff insists that such action was in contravention of the views expressed by this court in the cases of Proper v. United States, 139 Ct. Cl. 511; Betts v. United States, 145 Ct. Cl. 530; Eicks v. United States, 145 Ct. Cl. 522.

 Dr. (Colonel) Charles H. Talbott, testifying for the defendant at the hearing before the trial commissioner, stated that a resection is a removal of “a considerable portion of a rib.” The doctor was not certain whether the rib had been removed in toto or only a considerable portion had been removed, since he had not seen the X-ray and based his testimony only on the written report of a radiologist, who said that a resection had been performed. The applicable Veterans Administration Code in the rating schedule does not differentiate between the removal of a rib and the resection of a rib.

 The Career Compensation Act of 1949, 10 U.S.C. 1201, provides, inter alia, that the Secretary may retire a member of the armed forces if he is unfit and has a disability of “at least 30 percent under the standard schedule of rating disabilities in use by the Veterans’ Administration at the time of the determination ; * * *”